BOARD OF EDUCATION OF CITY OF
GRAND RAPIDS *v.* ELLINGER.

1. SCHOOLS AND SCHOOL DISTRICTS—ANNEXING TERRITORY TO CITY
   DISTRICT—ACCOUNTING APPLIES ONLY TO PERSONALTY.
   Under Act No. 35, Pub. Acts 1923, providing for the annexation
   of territory to a city school district, and an accounting by
   the township district whose territory is annexed, the account-
   ing therein provided for applies to personal property only,
   and the title to real property does not pass to the city district
   unless it is located in the portion of the territory annexed.

2. SAME—CONTRACT FOR SCHOOLHOUSE IS INDEBTEDNESS UNDER
   STATUTE.
   A contract for a new school building entered into by a township
   school district before part of its territory was annexed to a
   city district, to cover which bonds had been issued by the
   township district, is an indebtedness within the meaning of
   Act No. 35, Pub. Acts 1923, § 4, requiring the city district to
   assume a *pro rata* share thereof where only part of the terri-
   tory of a district is annexed.

3. SAME—ACCOUNTING—INDEBTEDNESS ON CONTRACT.
   Where the money raised by bonds issued by a township school
   district will be exhausted by outstanding contracts entered into
   by it before part of its territory was annexed to a city district,
   nothing is due the city district therefrom on an accounting
   under Act No. 35, Pub. Acts 1923, although only a small part
   of the fund has been actually paid out.

4. SAME—MONEY RAISED BY BONDS TRUST FUND FOR SPECIFIED PUR-
   POSE.
   Where bonds were issued by a township school district for the
   specific purpose of erecting a school building, and a contract
   therefor had been entered into before part of its territory was
   annexed to a city school district, the fund so raised should be
   held as a trust fund to be used for the particular purpose for
   which it was raised, and should not be diverted to the general
   use of the city school district under an accounting provided
   for in Act No. 35, Pub. Acts 1923.

5. STATUTES—CONSTRUCTION—MAXIMS.

In matters of statutory construction, the maxim has often been applied ''That the express mention of one thing implies the exclusion of other similar things.''

6. SCHOOLS AND SCHOOL DISTRICTS—ANNEXING TERRITORY TO CITY DISTRICT—CONSTRUCTION OF STATUTE PROVIDING FOR ACCOUNTING.

The specific enumeration, in section 4, Act No. 35, Pub. Acts 1923, of the funds in which a city school district shall share, on annexation to it of part of the territory of a township district, under an accounting provided for by the statute, excludes by implication all other funds or moneys in the hands of the township district officers, and therefore the city district may not share in money raised by the township district by a bond issue for the purpose of building a schoolhouse; especially in view of an amendment by Act No. 12, Pub. Acts 1926 (Ex. Session), adding ''the primary school and library money not yet apportioned'' to the funds enumerated.

7. SAME—CONTRACT OBLIGATION CREATED BY BOND ISSUE—IMPAIRMENT OF CONTRACT OBLIGATION.

A contract obligation created by a bond issue by a township school district is the undertaking of the whole district, and therefore part of the district thereafter annexed to a city district may not be released to the disadvantage of the remainder of the district, since to do so would be to impair the contract obligation of the district.

8. SAME—ASSUMPTION OF INDEBTEDNESS ON ANNEXING TERRITORY.

Under section 4, Act No. 35, Pub. Acts 1923, requiring a city school district, on annexing part of the territory of a township district, to assume its *pro rata* share of the township district's indebtedness, where 27.87 per cent. of a township district's territory was annexed to a city district, the latter must assume and pay 27.87 per cent. of the district's bonded indebtedness.

9. SAME—BURDEN VOLUNTARILY ASSUMED UNDER STATUTE ON ANNEXING TERRITORY.

A city school district may not complain that, under the construction given to Act No. 35, Pub. Acts 1923, requiring it, on annexing part of a township district's territory, to assume and pay its *pro rata* share of the township district's bonded indebtedness without sharing in the benefits of the bonds, a burden is imposed on it, since, under section 1 of the act, the determination of the question of annexation lies wholly and exclusively with it, and by annexing the territory it voluntarily assumed the burden.

Appeal from superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted January 10, 1928; resubmitted March 27, 1928. (Docket No. 131, Calendar No. 33,456.) Decided October 1, 1928.

Bill by the board of education of the city of Grand Rapids against Charles Ellinger and others for an accounting. From a decree for plaintiff, defendants appeal. Reversed, and decree entered for defendants.

*Ganson Taggart* and *Fred N. Searl,* for plaintiff.

*Homer H. Freeland,* for defendants.

NORTH, J. Before this suit for an accounting had been instituted there had been full compliance with the statutory requirements whereby a portion of school district No. 8, fractional, of the township of Grand Rapids, Kent county, had been annexed to the school district of the city of Grand Rapids. We shall hereinafter refer to the former as the township district, and to the latter as the city district. The assessed valuation of the annexed territory constituted 27.87 per cent. of the total valuation of the taxable property of the original township district. Annexation was completely consummated May 4, 1925. Prior to that date the township district had placed two bond issues aggregating $115,000 for the purpose of securing funds with which to erect a new school building; and the district had received $117,033.44 from the sale of these bonds. The total of the outstanding contracts involved in the township district's building program on May 4, 1925, was $117,561.62. On the date of the annexation the school building had been so far constructed that this district was indebted therefor to the amount of

$22,735. The township district owned two school sites of the value of $5,000, exclusive of the new building being erected. The school boards of these two districts were unable to agree upon the adjustment of the property rights as required by statute incident to the annexation of a portion of the township district by the city district, and the school board of the city district filed this bill in which it seeks an accounting by the township district board.

By the decree of the circuit court, the city district was to receive from the township district 27.87 per cent. of the $5,000 representing the value of the latter's real estate, exclusive of the building in process of construction; and 27.87 per cent. of $117,033.44 as funds on hand derived from the bond issues; and the city district was required to assume and pay 27.87 per cent. of the $115,000 bonded indebtedness. It was further specifically decreed that the city district should neither share in the $22,735 valuation in the building being constructed by the township district nor should the city district be liable for any portion of the $22,735 unpaid for this work by the township district to the general contractor. The township district has appealed and claims that the city district should not have any portion of the $5,000 which represents the value of its real estate (school sites), and the city district should not be decreed to have any portion of the building fund. It is further contended by the township district that since by annexation of 27.87 per cent. of its property the same became a part of the city district, this latter district should be decreed to assume and pay a corresponding proportion of the township district's bonded indebtedness of $115,000, because to that extent such indebtedness on the date of annexation was an outstanding legally binding

obligation against the annexed portion of the township district.

This controversy necessitates a construction of Act No. 35, Pub. Acts 1923, which in so far as it is material to this case is as follows:

"Section 1.  Where territory has been or is annexed to a city comprising a single school district, having a population of ten thousand, or over, as shown by the last Federal census, organized school districts or parts of organized school districts within such annexed territory shall be annexed to and become a part of the city school district whenever the governing body of the city school district shall by resolution so determine.  *  *  *

"Sec. 3.  When the union herein provided for has been accomplished, the title to all the real and personal public school property situated in the territory so annexed to and made a part of the city school district shall vest in and pass to the city school district.  The officers of the district annexed to the city school district, if the whole district is to be annexed, shall within ten days after such annexation has taken place account to the city school district for the funds and property in their hands as such officers and shall turn over the same to the city school district.  *  *  *  Where only a part of a district is annexed to the city school district such accounting shall be *pro rata* in the proportion of the assessed valuation of the part of the district so annexed to the assessed valuation of the whole district; such officers shall be discharged of liability for the property accounted for, but shall continue as officers of the balance of the district.

"Sec. 4.  The city school district shall assume the outstanding indebtedness of the district so annexed to it, or to the proper *pro rata* share thereof, if but part of the district be so annexed, and shall assume and perform all legally binding contracts of

such district or if but part of a district be so annexed, then such legally binding contracts as shall apply to the part so annexed.   *   *   *   The city school district shall take and have the right to collect all unpaid school taxes of the portion of the district taken.  It shall take, based on the last school census, such part of the primary school money unexpended and in the treasury of the district, thus divided, as the number of children of school age in the portion taken bears to the number of children of school age in the whole district thus divided.  It shall take and receive such portion of the unexpended school taxes collected and in the treasury of the district thus divided, as the assessed value of the portion taken bears to the whole district thus divided.''

The questions presented are:

(1)   Is the city district entitled to have the value of the real property of the township district included incident to the statutory accounting?

(2)   Is the city district entitled to have included in such accounting any portion of the building fund derived from the bond issue?

(3)   Should the city district be required to assume and pay 27.87 per cent. of the bond issue of $115,000?

1.   We think the statute, read as a whole, indicates quite conclusively that the value of the real estate belonging to the township district should not be included in the accounting.  None of such real estate is located within the territory annexed by the city. Section 3 of the act provides that if the whole township district is annexed all the school property, both real and personal, passes to the city district; but where only a part of the township district is annexed, there is to be a *pro rata* ''accounting'' on the basis of the relative assessed valuation of property in the annexed portion to that of the whole district.  This

"accounting" required of the township school officers is "for the funds and property in their hands" which they are required to "turn over" to the city school district. We think it was intended by the legislature that the "accounting" should apply to personal property only. The officers of the township district have no power to convey title to the district's real estate, nor is any method provided by which they could procure funds with which to "account" for its value to the city district. From the act, taken as a whole, it appears that title to real property does not pass under the act to the city district unless it is located in the portion of the township district which is annexed.

2. In determining whether the township district is to be required to account to the city district for the *pro rata* share of the building fund which was derived from the sale of bonds, it must be borne in mind that, in the instant case, several months before the annexation was undertaken or consummated, the township district had obligated itself to pay building contracts the total of which exceeded the total amount derived from the sale of the bonds. There are authorities holding that such contracts are to be considered "indebtedness" in cases of this character. *Board of Education of Swanton Village School District* v. *Board of Education of Sharples Village School District,* 114 Ohio St. 602 (151 N. E. 669); *Keller* v. *City of Scranton,* 200 Pa. 130 (49 Atl. 781, 86 Am. St. Rep. 708); *McNeal* v. *City of Waco,* 89 Tex. 83 (33 S. W. 322). We think in construing this statute the building contract of the township district should be treated as an indebtedness. If so construed, the amount of the building fund would be exhausted by the outstanding contracts and nothing would be due the city district

on an accounting. But aside from this, the bond issue was consummated to raise funds for a specific purpose, *i. e.*, erecting a school building. Before annexation the building planned had been constructed to the extent of $22,000 and upwards. It is fair to assume that at this stage of the building program it was physically impracticable if not impossible to materially alter the plans previously made, and certainly the township district had no way of legally releasing itself from the building contracts into which it had entered. It is fair to assume that the city district had full knowledge of these facts, and it should not be allowed to deprive the township district of its means of meeting its contractual obligations by diverting to the general uses of the city district any portion of the township district's building fund. Instead, this money derived from the sale of these bonds issued for a particular purpose should be held, under the circumstances of this case, to be a trust fund which should be conserved and used to meet outstanding contractual obligations of the township district. The fact that, before annexation, the township district had entered into building contracts exceeding the amount realized from the bond issue, distinguishes this case from *Board of Education of Swanton Village School District* v. *Board of Education of Sharples Village School District, supra*. The appellee cites and relies upon *Ludington Water-Supply Co.* v. *City of Ludington,* 119 Mich. 480, as holding that a contractual obligation accruing in annual amounts over a period of years is not a present indebtedness; but we think the reasoning of that case is not applicable to the matter now before the court. See *McNeal* v. *City of Waco, supra*.

It is also significant that section 4 of the act

definitely specifies the particular funds or moneys which shall be divided between the two districts. The three funds so designated are: (1) Unpaid school taxes of the annexed portion of the district, (2) primary school money unexpended and in the district treasury, and (3) unexpended school taxes collected and in the school treasury. The specific enumeration of these funds in which the city district shall share by necessary implication excludes other funds or moneys in the hands of the school officers. In matters of statutory construction the maxim has often been applied "That the express mention of one thing implies the exclusion of other similar things." *Marshall* v. *Railway Co.,* 201 Mich. 167 (8 A. L. R. 435). In *Taylor* v. *Utilities Commission,* 217 Mich. 400, it is said:

"*Expressio unius est exclusio alterius* has been a long-time legal maxim and a safe guide in the construction of the statutes marking powers not in accordance with the common law."

See, also, *Perry* v. *Village of Cheboygan,* 55 Mich. 250; *Weinberg* v. *Regents of University,* 97 Mich. 246. That this is the proper construction of this statute is further indicated by the fact that the legislature in 1926 by amendment added as another fund to those above enumerated "the primary school and library money not yet apportioned." Act No. 12, Pub. Acts 1926 (Extra Session). By necessary implication other funds in the hands of the township district officers are excluded from the accounting required by the statute.

3. To what extent, if at all, must the city district assume payment of the $115,000 bond issue as a result of the annexation. As above indicated, the bonded indebtedness was created prior to the inception of the annexation proceedings. At the time of

the annexation the property taken into the city district was liable for 27.87 per cent. of the bond issue. The plaintiff contends it should not be held to assume this proportion of this indebtedness unless a like proportion of the proceeds of the sale of the bonds is given to it. Such a determination would in effect result in the cancellation of the bonded indebtedness of the annexed territory, and would necessitate imposing it upon the remaining portion of the township district. The contract obligation created by the bond issue was the undertaking of the whole township district, and 27.87 per cent. of it cannot be released to the disadvantage of the remainder of the district. Any action taken by the school board of the city district which purported to bring about such a result would be an attempt to impair the contract obligation incident to the bond issue, and would be invalid. The *pro rata* share of the bonded obligation at the time of annexation was in the nature of an incumbrance and a lien on the property constituting the annexed territory. Section 4 of the act provides if but part of the township district is annexed the city district shall assume and perform "such legally binding contracts as shall apply to the annexed portion." This provision imposes upon the city district the duty of assuming 27.87 per cent. of the $115,000 bonded indebtedness.

If the foregoing construction seems to impose a burden upon the city district incident to the annexation, the obvious answer is that the determination of the question of taking over the added territory was wholly and exclusively in the hands of the governing body of the city district. Neither the portion of the township district which was annexed nor the unannexed portion thereof had any controlling part in the transaction. Since the city district elected

to annex this portion of the adjacent district it must assume the resultant obligations.

The decree of the lower court is reversed and a decree may be entered in this court in accordance herewith, with costs to the appellants.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.