BOARD OF EDUCATION OF CITY OF LINCOLN PARK *v.*
BOARD OF EDUCATION OF CITY OF DETROIT.

1. Constitutional Law—Schools and School Districts—Annexation of Part of School District—Impairment of Contracts.

Act No. 269, Pub. Acts 1927, providing that, when a portion of a school district is annexed to a city district under section 3, Act No. 65, Pub. Acts 1919, the remaining portion of the school district unannexed shall be liable for all of the bonds issued for the purchase of lands and the construction of school buildings in such remaining portion of the district not annexed, violates section 10, Art. 1, Federal Constitution, and section 9, Art. 2, State Constitution, forbidding the impairment of contracts, and is therefore void.

2. Mandamus—Payment of School Bonds Secured by Assessment of Tax Only.

Payment of bonds issued by a school district may be secured only by the assessment and collection of a tax therefor, and this remedy may be enforced by mandamus.

3. Constitutional Law—Schools and School Districts—Impairment of Contracts.

The constitutional right of the legislature to enact a law providing that when a portion of a school district is annexed to a city district, the remaining territory unannexed shall be liable for all bonds issued for lands and buildings in such remaining portion, may not be made dependent upon whether the bondholder is sufficiently protected by the balance of the territory not detached, since he is entitled to the security as it existed when the bonds were issued.

4. Schools and School Districts—Constitutional Law—Impairment of Contracts.

While the legislature possesses the power to detach a part of the territory from one school district and attach it to another, and may apportion the common property and the common burdens in such manner as to it may seem reasonable and equitable, it may not impair the obligation in the bondholders'

contract by taking such action without making provision for the payment thereof.

5. SAME—DISTRICT MAY QUESTION CONSTITUTIONALITY OF ACT LESSENING SECURITY OF BONDHOLDERS.
   A school district which paid interest on bonds after part of its territory had been detached and annexed to a city district may question the constitutionality of an act requiring the remaining portion of the district to pay all bonds issued for lands and buildings in said remaining portion, as against the claim that the bondholders alone may raise the constitutional question of impairment of contracts.

Certiorari to Wayne; Hunt (Ormond F.), J. Submitted October 16, 1928. (Calendar No. 33,962.) Decided January 7, 1929.

Mandamus by the board of education of the city of Lincoln Park to compel the board of education of the city of Detroit to pay interest on certain bonds. From an order denying the writ, plaintiff brings certiorari. Reversed.

*Floyd W. Cone* and *Frank G. Mixter*, for appellant.

*Clarence E. Page (Clarence E. Wilcox*, of counsel), for appellee.

SHARPE, J. On July 1, 1920, the plaintiff district bonded itself in the sum of $90,000, and on March 1, 1921, in the sum of $30,000, to raise money to be used in the construction of a schoolhouse therein, and such moneys were used for that purpose. This action was taken under the authority conferred by section 5712, 2 Comp. Laws 1915. (The amendments to this section later enacted are immaterial to the decision of the question here presented.)

Act No. 65, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5870 [51–62]), is entitled:

"An act relative to free schools of cities having a population of two hundred fifty thousand or over, and comprising a single school district."

Under its provisions the boundaries of the defendant district were automatically changed to correspond with the boundaries of the city of Detroit, and a considerable part of the territory theretofore included in the plaintiff district became detached therefrom and annexed to the defendant district.

Act No. 269, Pub. Acts 1927, is entitled:

"An act relative to the payment of certain bonds issued by a school district where a portion of the district has been annexed to a city school district having a population of two hundred fifty thousand or over."

It consists of but one section, and reads as follows:

"Where a portion of territory of a school district has heretofore been annexed to a school district of a city having a population of two hundred fifty thousand or over as shown by the last Federal census in accordance with the provisions of section three of act number sixty-five of the public acts of nineteen hundred nineteen, the remaining portion of the school district unannexed shall be liable for and assume payment of all the bonds which have been issued for the purchase of lands and the construction of school buildings located in such remaining portion of the district not annexed to the city school district.

"This act is ordered to take immediate effect."

Relying on its provisions, defendant here resists plaintiff's demand for payment of interest which had accrued on said bonds. Mandamus to compel such payment was denied by the trial court, and plaintiff seeks review thereof by certiorari.

The constitutionality of Act No. 269 is attacked for several reasons. The serious question, it seems to us, is, whether it does not violate section 10 of article 1 of the Federal Constitution and section 9 of article 2 of our State Constitution, both of which forbid the enactment of any law "impairing the obligation of contracts." There is no contract relation existing between the State and the school districts provided for by the legislature. Such a relation, however, does exist between the plaintiff district and the purchasers of the bonds issued by it. While the statute does not in express terms create a lien upon the property of the district for the payment of bonds lawfully issued by it, the only remedy provided to secure such payment is by the levy and collection of a tax thereon. A judgment may be obtained, but the property of the district is not liable to a levy and sale under execution. Payment may be secured only by the assessment and collection of a tax therefor, and this remedy may be enforced by mandamus. *Wayne County Savings Bank v. Supervisor of Roscommon Twp.,* 97 Mich. 630. If a district consisting of nine sections may be dismembered by act of the legislature and one section detached therefrom, any number of sections less than the whole might also be detached and the security of the bondholder be thereby seriously impaired, if not entirely destroyed. The constitutional right of the legislature to enact such a law cannot be made dependent upon whether the bondholder is sufficiently protected by the balance of the property not detached. He purchased the bonds relying on the security afforded him; the right to enforce collection by a tax on the property of the district as it existed at the time the bonds were issued. Act No. 269 relieves a considerable part of the territory

then in the district from the payment of such tax without making any provision therefor, and for that reason it violates the constitutional provision above referred to.

In *Finn* v. *Board of Sup'rs of Bay Co.,* 167 Mich. 166, it appeared that a local act had been passed detaching the township of Gibson from the county of Bay after a bond issue in that county had been authorized, and attaching it to the county of Arenac. Mr. Justice BROOKE, speaking for the court, said:

"The county of Bay, at a time when Gibson township was a part thereof, duly authorized the issue, and it was not within the power of the legislature thereafter to pass any act which would relieve any portion of the territory affected by the proposed issue without making due provision for the same."

In *Bethany School District* v. *Township of Bethany,* 233 Mich. 327, it appeared that the plaintiff had erected a school building and issued its bonds in payment therefor, and that the lands detached had been assessed therefor. The court said:

"The owners of these bonds were entitled to look to their full security for the payment of the bonds and any attempt to lessen their security would be invalid as to them. *Finn* v. *Board of Sup'rs of Bay Co.,* 167 Mich. 166. As concerns the rights of bondholders the territory included in the district could not be lessened by detaching therefrom any portion."

In the recent case of *Grand Rapids Board of Education* v. *Ellinger,* 244 Mich. 28, which involved the annexation of a part of the territory of a school district with a bonded indebtedness to a city district, it was said:

"The contract obligation created by the bond is-

sue was the undertaking of the whole township district, and 27.87 per cent. of it cannot be released to the disadvantage of the remainder of the district. Any action taken by the school board of the city district which purported to bring about such a result would be an attempt to impair the contract obligation incident to the bond issue, and would be invalid. The *pro rata* share of the bonded obligation at the time of annexation was in the nature of an incumbrance and a lien on the property constituting the annexed territory."

As was pointed out in that case by Mr. Justice North, there was no obligation upon the part of the city district to have the territory in question annexed to it. The law providing therefor undoubtedly was passed at the request of some of its officials. No hardship results from requiring it to assume and pay the percentage of the bonded indebtedness which the valuation of the territory annexed bears to that unattached as provided for in Act No. 35, Pub. Acts 1923, and as was required to be done in *Grand Rapids Board of Education* v. *Ellinger, supra.*

In *People, ex rel. Welch,* v. *Dunn,* 168 N. Y. App. Div. 678 (154 N. Y. Supp. 346), relied on by defendant, the act, detaching certain territory from two townships and annexing it to the city, provided for an apportionment of "the debts, demands, claims and charges against the common school district which includes such added territory" by a "board of audit" designated for that purpose. The question presented involved the right of this board to turn over to the city certain insurance moneys which had been collected by the district. In the opinion, it was, however, said:

"The auditing board created by the statute held meetings and it was recognized that bonds to the

amount of $13,000 constituted an existing debt against the school district, and these were apportioned to the school district and to the city of Schenectady for payment on the basis of the assessment roll, and no one raises any question that this was a proper disposition to be made of this debt."

While the legislature possesses the power to detach a part of the territory from one school district and attach it to another, and may "apportion the common property and the common burdens in such manner as to them may seem reasonable and equitable" (*Kies* v. *Lowrey*, 199 U. S. 233, 240 [26 Sup. Ct. 27]), it may not impair the obligation in the bondholders' contract by taking such action without making provision for the payment thereof.

It is suggested that the bondholder alone may raise the question here considered. The plaintiff has paid the interest on these bonds, and here seeks to compel payment by the defendant. It may hereafter decline to make such payment and of the principal debt when it falls due. The remedy of the bondholder would be as above stated. In our opinion it would not only be unjust to require the bondholder to be put to the expense of such action when its rights can be fully determined in the proceeding before us, but also unjust to the plaintiff to require it to make default in payment and be subjected to the expense incident to such a proceeding.

It is but fair to the trial court to say that the question on which decision is here rested was not presented to or considered by him. It was raised in this court, and briefs were asked for and have been furnished by counsel at our request.

The conclusion reached renders it unnecessary to consider the claim of the plaintiff that Act No. 269 is unconstitutional because it in effect amends Act

No. 65 of the Public Acts of 1919 without re-enacting it, and also because it violates the constitutional inhibition relating to local acts (Art. 5, § 30).

The order entered will be vacated and set aside, and the cause remanded to the circuit court, with direction to enter an order in conformity herewith, with costs to appellant.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.