SCHOOL DISTRICT NO. 3 v. SCHOOL DISTRICT OF CITY OF PONTIAC.

1. SCHOOLS AND SCHOOL DISTRICTS—ANNEXING TERRITORY—ASSUMPTION OF PART OF EXISTING INDEBTEDNESS—CONSTITUTIONAL LAW—STATUTES.

  2 Comp. Laws 1929, § 7222, providing that school district annexing part of another district's territory shall assume and pay such proportion of other district's existing indebtedness as assessed value of property taken shall bear to total assessed value before annexation, *held*, not unconstitutional when literally construed; nor is it unfair or unreasonable because annexing district receives no benefit from money invested in school building not on annexed territory.

2. SAME—CONSTRUCTION OF STATUTE.

  Said statute is to be construed literally, and applies even when annexed territory was not part of other school district at time indebtedness was contracted; no limitations being placed on its applicability.

3. SAME.

  Nor is there merit in contention that said section 7222 should be considered in connection with section 7408, and, when so considered, court may use its discretion in determining proper proportion of liability, since language used in section 7408, ''proper *pro rata* share,'' means *pro rata* to assessed valuation, and there is no inconsistency.

4. SAME—PAYING PROPORTION OF INDEBTEDNESS INTO SINKING FUND—DOUBLE TAXATION.

  School district annexing part of territory of another district with outstanding bonded indebtedness may not complain of court's decree requiring it to pay its proportion of said indebtedness into other district's sinking fund set up for purpose of retiring bonds at maturity, for reason that bondholders would have right of action against it as well as against other district if bonds were not paid at maturity, where annexed territory was not part of other district when bonds were issued, and therefore bondholders would have no right to enforce imposition of tax on that territory.

Appeal from Oakland; Covert (Frank L.), J. Submitted October 19, 1932. (Docket No. 141, Calendar No. 36,831.) Decided January 3, 1933.

Bill by School District No. 3 of Bloomfield Township, Oakland County, against School District of the City of Pontiac for an accounting as to assumption of indebtedness upon annexation of territory. Decree for plaintiff. Defendant appeals. Affirmed.

*Pelton & McGee,* for plaintiff.

*Harold E. Howlett,* for defendant.

McDONALD, C. J. This bill was filed for an accounting as to what amount of plaintiff's existing indebtedness the defendant should assume on the annexation of a portion of its territory.

The plaintiff district lies south of the defendant district, which embraces the entire city of Pontiac. On September 15, 1928, a portion of the plaintiff district was annexed by the defendant. There were no school buildings on the territory annexed. But the plaintiff district had an existing indebtedness of $65,000 represented by outstanding bonds due in 1935 and 1936, no part of which except for current interest has been paid.

At the time of the annexation, the total assessed valuation of the taxable property embraced within the plaintiff's district was $5,032,800; and the assessed valuation of the taxable property in the territory annexed was $2,634,000, which latter valuation was 52.34 per cent. of the total valuation of the entire district before annexation. It is the plaintiff's contention that this percentage represents the proportion of its existing indebtedness which the defendant district should assume and pay, as provided

in 2 Comp. Laws 1929, § 7222, the applicable part of which reads as follows:

"Shall assume and pay such proportion of the other then existing school indebtedness of the district from which such territory is taken as the assessed value of the taxable property in the territory annexed shall bear to the total assessed value, before such annexation was made, of the taxable property of the entire district from which such territory is taken, the value as shown by the assessment roll preceding the annexation to be used as the basis of the computation."

The defendant admits the correctness of the plaintiff's claim if the provisions of 2 Comp. Laws 1929, § 7222, are to be literally followed, but contends that a literal construction renders it unconstitutional, in that it is unreasonable, arbitrary, makes a distribution of the tax burden unequal and unfair, and does not connect the burden of paying for debts and improvements with the benefit derived. However, defendant urges that its constitutionality may be sustained if reasonably construed by reading into it a limitation, namely, that it does not apply when the territory detached was not a part of the district when the debt was contracted, or for a period of at least one year; and by considering the statute in connection with 2 Comp. Laws 1929, § 7408, which empowers the courts to use their discretion in determining the proper portion of liability.

On the hearing, the trial court ruled against the defendant's contention, and entered a decree granting the relief sought by the plaintiff in its bill. The defendant has appealed.

1. Is the statute unconstitutional when literally construed?

We are not favorably impressed with the defendant's contention as to the unfairness and unreason-

ableness of the rule laid down in section 7222 of the statute for apportioning liability. One district annexes half of another district's taxable property. The statute requires the annexing district to assume or pay one-half of the other's existing school indebtedness, that is, it must pay such portion of the other's indebtedness which the annexed property would have paid if it had remained in the other's district. In this case, if the annexation had not taken place, the plaintiff district would have assessed 52.34 per cent. of its existing indebtedness against the taxable property in the territory taken by the defendant. If the defendant district is not required to pay, it will be necessary for the plaintiff to double the taxation on the territory remaining in its district. The defendant took half of the plaintiff's territory, and fairness requires that it should pay the school debt to which that territory was subject when annexed. Otherwise the plaintiff will have lost not only its territory but the means by which it could pay one-half of its existing school debt. The statute is not unfair or unreasonable in its provisions, but, if it were, that would not affect its constitutionality. The legislature has a right to enact unreasonable legislation within the limits of the Constitution, and the courts cannot declare its enactments unconstitutional for that reason alone. But in this case it is claimed that the statute is not only unreasonable in its terms but violates the 14th amendment to the Constitution of the United States, in that it requires the annexing school district to pay money by taxation without receiving any corresponding benefit. It is true it received no benefit from the money invested by the plaintiff in the school building not on the annexed territory; but it received a very considerable benefit from the territory acquired. It may be assumed that the defendant district wanted

this territory or it would not have voted to annex it; and the reason for its annexation is obvious. The territory is entirely occupied by the General Motors Truck Company. It has no school children, and, therefore, no schoolhouse to maintain. It has a very highly assessed valuation and no school burdens. The benefits received by its annexation greatly outweigh any burden imposed by the statute.

2. It is not necessary to read into this statute any of the limitations suggested by the defendant in order to give it a reasonable interpretation. Its language is clear and unambiguous, and by its letter and scope is definitely applicable to just such a situation as we have in this case. It may be applied literally without resulting in any injustice, inequality, or unfairness. It does not say that it applies only when the territory was a part of the district at the time the indebtedness was contracted. It says that the annexing school district shall assume and pay a certain proportion of the other "then existing school indebtedness," and it means just what it says.

3. Nor is there merit in the contention that section 7222 should be considered in connection with section 7408, and, when so considered, the court may use its discretion in determining the proper proportion of liability. The language used in section 7408, namely, "proper *pro rata* share," means *pro rata* to assessed valuation. One section of the statute is broader than the other, but they are not inconsistent.

4. The outstanding bonds of the plaintiff district were issued in 1920 and 1921. The territory in question was annexed in September, 1928, and immediately thereafter the defendant district took over and assumed jurisdiction of the territory. After

the issuance of the bonds, the plaintiff district in its annual tax from year to year built up a sinking fund sufficient to discharge the bonds at maturity. The court decreed that the defendant should pay 52.34 per cent. of the money paid into the sinking fund by the plaintiff after annexation. The defendant complains of this provision of the decree for the alleged reason that, if the bonds were not paid at maturity, the bondholder would have a right of action against it as well as against the plaintiff district, and thus it might be compelled to pay its proportion twice. We do not think the decree makes the defendant doubly liable. The security back of the bonds was the right to enforce collection by tax on the property of the district as it existed when the bonds were issued. See *Lincoln Park Board of Education* v. *Detroit Board of Education,* 245 Mich. 411.

As the annexed territory was not a part of the plaintiff's district when the bonds were issued, the bondholders would have no right to enforce the imposition of a tax on that territory.

We think the court correctly disposed of the issue between the parties in this case. The decree is affirmed, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.