SCHOOL DISTRICT NO. 1, FRACTIONAL, v. SCHOOL DISTRICT OF THE CITY OF LANSING.

1. APPEAL AND ERROR—MOTION TO DISMISS—DECLARATION OF RIGHTS—PLEADING.

Well-pleaded averments of material facts in bill for declaration of rights must be accepted as true on appeal from order dismissing the bill (CL 1948, § 691.501 et seq.).

2. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—OUTSTANDING DEBTS.

Plaintiff graded school district, subject to bond issue, a part of whose territory was annexed to that of a defendant third-class school district may not thereafter exercise control over the annexed territory for the purpose of satisfying outstanding indebtedness, where statutes as to annexation do not provide

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Declaratory Judgments § 64.
[2–5] 47 Am Jur, Schools § 21.
[6] 16 Am Jur, Declaratory Judgments § 16.
[6] Extent to which principles of res judicata are applicable to judgments in actions for declaratory relief. 10 ALR2d 782.
[7] 16 Am Jur, Declaratory Judgments §§ 9, 64.
[7] Declaration of rights or declaratory judgments. 12 ALR 52; 19 ALR 1124; 50 ALR 42; 68 ALR 110; 87 ALR 1205.
[8] 16 Am Jur, Declaratory Judgments § 4.
[9] 16 Am Jur, Declaratory Judgments § 10; 47 Am Jur, Schools § 23.
[10, 11] 47 Am Jur, Schools § 18.
[12] 14 Am Jur, Costs §§ 5, 22; 47 Am Jur, Schools § 23.

for exception as to territory subject to indebtedness (CL 1948, § 346.4).

3. SAME—ANNEXATION—MUNICIPAL FINANCE ACT.

The municipal finance act requiring approval of the municipal finance commission for issuance of bonds and making it mandatory that a sufficient tax increase be voted to provide for their retiral does not modify statute relative to detaching of territory from one school district and attaching it to another especially where latter statute requires attaching district to assume a portion of the indebtedness of the detaching district based on assessed valuation (CL 1948, §§ 135.7, 346.4).

4. SAME—ANNEXATION—BONDS.

Bondholders of graded school district from which territory was detached and annexed to third-class school district acquired the liability of the latter district to that portion of their respective obligations that would have been collected from the part of the graded school district that was detached (CL 1948, § 346.4).

5. SAME—BONDS—ANNEXATION—SUBSTITUTION OF LIABILITY.

Neither plaintiff graded school district nor its bondholders would appear to be prejudiced by the substitution of the liability of defendant third-class school district for a portion of the indebtedness of the plaintiff measured by the assessed value of the property formerly within plaintiff district that was annexed by defendant from pleadings in suit for declaration of rights (CL 1948, §§ 135.7, 346.4, 691.501 et seq.).

6. JUDGMENT—RES JUDICATA—PARTIES.

Rights of bondholders of graded school district, plaintiff in suit against third-class school district for declaration of rights, would not be res judicata where they were not parties to such proceeding (CL 1948, § 691.501 et seq.).

7. ACTION—DECLARATION OF RIGHTS—ACTUAL CONTROVERSY.

A declaration of rights is not authorized by the pertinent statute unless there is an actual controversy between the parties to the suit (CL 1948, § 691.501 et seq.).

8. SAME—DECLARATION OF RIGHTS—EQUITY.

A suit for declaration of rights is not a substitute for the regular actions and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations (CL 1948, § 691.501 et seq.).

9. Same—Annexation of Territory from School District—
   Declaration of Rights.

  Graded school district, subject to outstanding bonds, failed to
    present an actual controversy in its suit for declaration of
    rights against third-class school district to which some of
    plaintiff's territory had been annexed, in view of statute
    definitely fixing the rights of the parties (CL 1948, §§ 346.4,
    691.501 *et seq.*).

10. Schools and School Districts—Annexation—Equity.

  It is not within the power of a court of equity to modify or
    change statutory provisions pertaining to the annexation of
    territory by third-class school districts and adjustment of in-
    debtedness against the annexed property (CL 1948, § 346.4).

11. Same—Annexation—Jurisdiction—Bonds—Statutes.

  Annexation of territory by third-class school district may not be
    postponed nor may the graded school district from which it
    was detached continue to exercise jurisdiction over such ter-
    ritory after annexation in order to subject annexed territory
    to payment of bonds outstanding at time of the annexation,
    where statute, providing for substitution of annexing dis-
    trict's liability for a portion of the indebtedness, had been
    enacted before the bonds were issued (CL 1948, §§ 135.7,
    346.4).

12. Costs—Public Question—Annexation of School District.

  No costs are allowed in suit for declaration of rights between
    school districts involved in annexation of territory by defend-
    ant from plaintiff, a public question being involved (CL 1948,
    § 691.501 *et seq.*).

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted October 5, 1951. (Docket No. 48, Calendar
No. 45,064.) Decided December 3, 1951.

Bill by School District No. 1, Fractional, South,
Lansing township, Ingham county, and Delta town-
ship, Eaton county, against School District of the
City of Lansing, Ingham county, for declaration of
rights. Bill dismissed. Plaintiff appeals. Affirmed.

*F. M. Thrun,* for plaintiff.

*Kelley & Seelye,* for defendant.

CARR, J. Plaintiff brought suit in circuit court under PA 1929, No 36 (CL 1948, § 691.501 *et seq.* [Stat Ann § 27.501 *et seq.*]), commonly referred to as the declaratory judgment act, for the purpose of obtaining a declaration of rights. On motion the suit was dismissed, and plaintiff has appealed. In view of the action taken by the trial court, well-pleaded averments of material facts in the bill of complaint must be accepted as true.

Plaintiff is a graded school district, and defendant is a district of the third class, as defined in the school code of the State.* Pursuant to a special election held on November 8, 1949, in the city of Lansing and in Lansing township, Ingham county, lands within said township were annexed to the city, such territory being a part of the plaintiff district. Under the provisions of CL 1948, § 346.4 (Stat Ann § 15.184), the lands so annexed automatically became a part of the defendant school district. In accordance with the statute the defendant made demand upon plaintiff to convey to it all school property, if any, on the territory so annexed, and that steps be taken to ascertain and determine what proportion of the school indebtedness of plaintiff shall be assumed and paid by defendant. The record does not disclose that there was any compliance on the plaintiff's part with such demand.

Prior to the proceedings above referred to, at a special election held in April, 1949, plaintiff was authorized to borrow $200,000, and to issue its bonds therefor, for the purpose of constructing an addition to its school building. At the same time the electors voted to increase the tax limitation imposed by article 10, § 21, of the State Constitution

* PA 1927, No 319, as amended (CL 1948, § 341.1 *et seq.*, as amended [Stat Ann and Stat Ann 1949 Cum Supp § 15.1 *et seq.*]).

(1908), as amended at the general election in 1948, by 2.4% of the assessed valuation of property within the school district, for a period of 20 years, in order to provide a retirement fund for the payment of the obligations issued. The board of education of the plaintiff district proceeded to act under the authority granted by the electors.

The municipal finance commission of the State formally approved the issuance and sale of the bonds, some of which, in the aggregate amount of $15,000, fell due July 1, 1950, and were paid. It does not appear whether like action was taken with the second instalment maturing July 1, 1951. The obligations not retired are now outstanding. The bill of complaint specifically directed attention to the fact that under existing statutes pertaining to the situation there is no provision for continuing territory detached from plaintiff as a part of the district for the assessment of taxes to meet the obligations issued, and likewise no provision for continuing in the territory annexed to the defendant the millage increase authorized at the special election on April 20, 1949, in plaintiff district. Plaintiff further asserted in the pleading that, unless such increase remained effective in the annexed territory and a method established for the collection thereof in accordance with the resolution of the board of education directing the issuance and sale of the bonds, a large proportion of the security of the obligations would be taken away, resulting in an impairment of the contractual obligations evidenced by the bonds, in contravention of article 2, § 9, of the State Constitution (1908), and article 1, § 10, of the Federal Constitution. Plaintiff asked a declaration of rights and that the court

"determine in the alternative the following:

"1. That the territory annexed to defendant school district shall remain upon the tax assessment rolls of plaintiff school district until and subject to the existing voted millage increase until the existing bonded indebtedness of said district has been paid in full and all requirements lawfully established by the board of education of plaintiff school district for the payment of said bonds have been fully complied with.

"2. That this court decree that the annexation of the territory of plaintiff school district to defendant school district is ineffective and of no force and effect until such time as all bonded indebtedness of plaintiff school district incurred subsequent to December 8, 1932, to date has been paid in full.

"3. That in the event the court decrees that said annexation is effective, that it require the board of education of defendant school district to levy upon the property in the territory of plaintiff school district annexed, the voted increase in the tax rate limitation authorized by the electors of plaintiff school district in accordance with all requirements of the bond resolution heretofore adopted by the board of education of plaintiff school district and that the sums of money so received be turned over to the treasurer of plaintiff school district.

"4. That this court declare and determine that said annexation shall not become effective until such time as the electors of defendant school district shall vote an increase in the tax limitation so as to provide an amount equivalent to that which would have been raised in the territory annexed under the existing millage increase, said millage increase to be earmarked solely for the payment of said outstanding bonds."

The motion to dismiss, filed by defendant, alleged that the bill of complaint did not state proper grounds for a declaratory decree under the statute, that plaintiff had an adequate remedy at law, that the holders of the bonds were necessary parties to

the proceeding, that consequential relief beyond the power of the court to grant was sought, and that the relief asked pertained to speculative matters which may not occur. After listening to the arguments of the parties, the trial judge concluded that plaintiff was in effect questioning the validity of the election held on November 8, 1949, and that such issue should have been raised by quo warranto, citing *Finlayson* v. *Township of West Bloomfield*, 320 Mich 350. He further concluded, as set forth in his opinion, that the rights and obligations of plaintiff and defendant were and are fixed by statute, that no controversy exists as between the parties to the case, that plaintiff's rights are limited by statute, that relief was sought on the basis of what might occur in the future, and that the court was without authority to enter a decree of the character sought by plaintiff. Counsel for appellant asks in his brief that the order of the trial court be reversed, and that this Court enter a decree "to the effect that the attempted annexation of part of appellant's territory by appellee is void or, in the alternate, that the territory if held to be annexed to the Lansing school district, remains on the tax rolls of appellant school district for the purposes of the bond issue."

On behalf of appellant it is urged that there is no attack on the validity of the election pursuant to which a portion of its territory was annexed to the city of Lansing and to the defendant school district. However, it is obvious that it is questioning the results that under applicable statutory provisions follow from the election. It challenges the right of defendant's board of education to exercise ful control over the district, subject by statute to its jurisdiction, without interference on the part of plaintiff. The argument made appears to lead to the conclusion that under the existing statutes territory may not be taken from a district that has outstand-

ing bonds, for the retirement of which provision has been duly made, and annexed to another district. The legislature has not seen fit to make an exception of this kind, and obviously the courts are powerless to do so. The question for judicial determination must in each such instance relate to the legality of the action taken.

: Our attention is directed to the municipal finance act* which provides in chapter 5, § 7 (CL 1948, § 135.7 [Stat Ann 1949 Rev § 5.3188(27)]), that the issuance of bonds by a municipality subject to the provision of article 10, § 21, of the State Constitution, shall not be approved unless it appears that an increase in the tax rate limitation has been voted in such an amount and for such period of time as may be necessary to permit the collection of taxes sufficient to meet the proposed obligations. Such provision may not be construed as evidencing a legislative intent to modify the provisions of other statutes relating to the detaching of territory from one school district and attaching it to another. CL 1948, § 346.4 (Stat Ann § 15.184), above cited, reads as follows:

"Whenever hereafter any territory shall be annexed to any city forming the whole or a part of a school district of the third class, the territory so annexed shall become a part of the contiguous school district embracing the whole or some part of said city, and all property of any school district, situated wholly upon the territory so annexed, shall become the property of the school district to which the said territory is adjoined, and said last named district shall assume and pay all indebtedness against said property and shall assume and pay such proportion of the other then existing school indebtedness of the district from which such territory is taken

* PA 1943, No 202, as amended (CL 1948, § 131.1 et seq. [Stat Ann 1949 Rev § 5.3188(1) et seq.]).

as the assessed value of the taxable property in the territory annexed shall bear to the total assessed value, before such annexation was made, of the taxable property of the entire district from which such territory is taken, the value as shown by the assessment roll preceding the annexation to be used as the basis of the computation."

It will be noted that the legislature in the section quoted has directed that the district to which territory is attached shall assume and pay its proportion, determined as indicated, of the existing indebtedness of the district from which it has received the added territory. The resolution adopted by defendant's board of education, copy of which is attached as an exhibit to the bill of complaint, indicates that defendant is prepared to accept its obligation and to pay to plaintiff its share of the outstanding debt. It thus appears that under the legislative mandate the holders of bonds, in lieu of the security evidenced by the authority granted by the electors to increase the millage tax, as above set forth, acquire the liability of the defendant school district to that portion of their respective obligations that would have been collected on the taxable property in that part of the plaintiff school district that has been detached therefrom.

The situation presented is materially different from that in *Board of Education of City of Lincoln Park* v. *Board of Education of City of Detroit,* 245 Mich 411, cited by plaintiff. Involved there was the constitutionality of PA 1927, No 269, which in terms declared that in the event of the annexing of territory to a school district of a city having a population of 250,000, or more, the district of which such territory had formerly been a part should remain liable for and assume payment of all outstanding bonds issued for the purchase of lands and the construction of school buildings. Plaintiff was obligated to pay

accrued interest on the bonds, and brought an action of mandamus against defendant to compel it to pay its just proportion of such interest. It was held that the statute, invoked on behalf of defendant, was unconstitutional for the reason that it was not within the power of the legislature to "impair the obligation in the bondholders' contract by taking such action without making provision for the payment thereof.". In the case at bar the legislature, by the provisions of CL 1948, § 346.4 (Stat Ann § 15.184), above quoted, has made provision for the payment by·the district to which territory is annexed of such portion of outstanding school obligations as are properly chargeable against such territory. Plaintiff does not claim that defendant is refusing to meet its obligation in this regard. Neither does it appear that the holders of bonds will be prejudiced in any way from the fact that their obligations will be met in part from the payment, or payments, to be made by defendant to plaintiff under the statute and the resolution of defendant's board of education. It is also apparent that plaintiff is not prejudiced. The constitutionality of the statute imposing liability on defendant was upheld in *School District No. 3* v. *School District of City of Pontiac,* 261 Mich 352.

Plaintiff does not claim that it is in any way authorized to appear on behalf of the bondholders, none of whom is a party to the case. However, plaintiff's alleged cause of action rests on the theory that the contractual rights of the bondholders have been or may be impaired. It is quite conceivable that the present owners of the outstanding obligations are satisfied with the security afforded them under the statute, and may prefer such security to the right contended for by plaintiff to have taxes assessed against the property detached from plaintiff district for the payment of the proportionate

share of the indebtedness chargeable against such property. In *Central High School Athletic Ass'n* v. *City of Grand Rapids,* 274 Mich 147, the plaintiff sought a declaration of rights under the statute with reference to the construction of a certain wall, permission to build which the officials of defendant city had refused. The property was owned by the board of education, which was not a party to the suit. The trial court denied the relief sought, and this Court affirmed, saying in part:

"We have grave doubts, that a declaratory judgment would be *res judicata* of anything with only the present parties before us. All interested parties should be before the court."

A declaration of rights is not authorized by the statute unless there is an actual controversy between the parties to the suit. In *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich 58, 62, it was said:

"A requisite to the proceeding is an actual controversy over a specific issue to be set up in the pleadings, in order that a binding declaration of rights may be made thereon. The proceeding is special, is not a substitute for the regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations. *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich 673 (68 ALR 105); 50 ALR 42; 19 ALR 1124; 12 ALR 52, notes."

We are in accord with the conclusion of the trial court that the averments of the bill of complaint do not show an actual controversy between these school districts on any specific issue. The rights of the parties are definitely fixed by statute, and it is not within the power of a court of equity to modify or change such provisions. Obviously plaintiff may not be given jurisdiction over any part of the terri-

tory embraced within the limits of the defendant, nor may the annexation to defendant of the territory in question be decreed to be postponed. There is no authority of law for action of such character. At the time the bonds in question were issued the statute made provision for detaching territory from one district and annexing it to another. Proper provision is made therein for the protection of the rights of security holders. Under the situation presented by the record, plaintiff is not entitled to the entering of a decree of the character sought by it.

The order of the trial court is affirmed, but in view of the nature of the controversy no costs are allowed.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.