THOMAS H. WIGHT, respondent,

*v.*

BOARD OF EDUCATION OF THE TOWN OF WESTFIELD et al., appellants.

[Argued October 26th, 1925. Decided May 17th, 1926.]

1. The question raised in this case, as to when, if ever, title vested under a certain deed, *held*, not within the jurisdiction of a court of equity.

2. The question raised in this case, as to the validity of certain assessments for public improvements, *held*, not within the jurisdiction of a court of equity.

3. The Transfer of Causes act (*P. L. 1912 p. 417; P. L. 1915 p. 39*), *held* unavailable, because impossible of application with any beneficial result, under the circumstances of the case.

---

On appeal from interlocutory order advised by Vice-Chancellor Church, denying a motion to strike out the bill of complaint.

*Mr. William M. Beard,* for the appellant board of education.

*Mr. Paul Q. Oliver,* for the appellant town of Westfield.

*Mr. Lloyd Thompson,* for the appellant Clark Lands Holding Company.

*Mr. Earl A. Merrill,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The bill in this cause is attempted to be based upon the *soi-disant* "Uniform Declaratory Judgments act" of 1924. *P. L. p. 312.* The specific prayers of the bill are two—*first,* that the court of chancery adjudge and decree when, if ever, title to the lands described in a deed of the Clark Lands Holding Company, dated April 6th, 1923, vested in the board of education of Westfield; *secondly,* that the court of chancery adjudge and decree "what rights and liabilities, if any, attach to complainant and all others similarly situated, with respect to the improvement assessments referred to on" a certain referendum ballot voted at a special school meeting of the town of Westfied, held on October 30th, 1924. There was a motion to strike out the bill on a number of grounds, particularly that the matters raised by the bill were not within equitable cognizance, and that the act of 1924, for various reasons, is unconstitutional and therefore inoperative. The vice-chancellor, in a short memorandum, decided that the act was not shown to be unconstitutional, and held the bill without deciding whether the case was one solely for the courts of law to decide.

The first question was manifestly one to be determined by a court of law, as no feature of equitable cognizance was involved. The bill sets up that in February, 1923, at the annual school meeting, it was voted to purchase the lands described in the deed; that on April 6th, 1923, the Clark Lands Holding Company executed and acknowledged said deed, but inserted therein clauses subjecting the land to assessments and to the easement of one-half of a public street; that an April 9th the board of education borrowed on a temporary loan certificate the sum of $25,000 which was paid for the land to the holding company and the deed delivered, the money being applied to pay off an existing mortgage, and that the attorney-general (at some time not stated) declared that some attempted authorization by the meeting of Febru-

ary 13th, 1923, to issue bonds to acquire the property, was invalid. (There is no other mention of this in the bill.)

Just what there is in all this for a court of equity to consider, we are at a loss to imagine. What questions do arise are of purely legal cognizance. The vesting of title normally depends on delivery, and that is peculiarly a legal question. *Woodward* v. *Woodward, 8 N. J. Eq. 127.*

The same proposition holds true of the other question propounded by the bill, viz., what are the rights and liabilities of complainant and other interested but unnamed parties, touching certain assessments mentioned on a ballot of a special meeting October 30th, 1924. We need not stop to extract the allegations of the bill in detail on this point. Suffice it to say that certain improvements were directed to be made and assessments therefor ordered, partly or wholly against the school property. The question is as to their legal validity, and if there is any class of questions peculiarly for the examination of the supreme court by *certiorari,* it is the class that embraces disputes of this character. It is urged that the assessments are wholly void, for lack of any jurisdiction whatever to make them, and *Bogert* v. *Elizabeth, 27 N. J. Eq. 568,* is relied on. That was a bill to quiet title as against a sale for unpaid assessments that were constitutionally void. In the case at bar the point made is that the lands which the municipality has undertaken to assess are school lands, and for that reason not liable to assessment for public improvements. If this were obvious, as the constitutional matter was in the *Bogert Case,* or even well settled by decision, the doctrine of the *Bogert Case* might perhaps be applicable; as to this we express no opinion. But it is neither well settled, nor to us obvious. In fact, it is not obvious to complainant, who comes to the court of chancery for its opinion on the subject. After careful independent research we find only one case in this state even germane to the question, viz., *Green* v. *Hotaling, 44 N. J. Law 347,* affirmed in this court, *46 N. J. Law 207,* and holding that on a joint enterprise of Jersey City and Hoboken for the

building of a sewer, lands of the city of Jersey City were not liable to assessment. This case is not cited in the brief; in fact, no authority is cited on the point from this or any other jurisdiction, nor is any statute invoked; but the best respondent can say is that the attorney-general of this state has advised the state board of education that school lands are not liable to local assessment. His opinion, were it before us, would be considered with the greatest respect, but it is not laid before us, or even quoted, and the very fact that he was called on for an opinion argues that the point is open to debate, and so we find it in other jurisdictions. *28 Cyc. 1117.* It follows that the complainant is asking the opinion of the court of chancery on a municipal question peculiarly within the province of the supreme court.

It seems to be quite plain, therefore, that assuming everything for the Declaratory Judgments act that is claimed for it, on which phase of the case we here express no opinion, no question of equitable cognizance was presented by the bill. In a proper case, the Transfer of Causes act (*P. L. 1912 p. 417; P. L. 1915 p. 39*) might well apply, but the diversity of the questions raised in this case, and the lack of clarity in their presentation, make it in our judgment impossible to direct a transfer to a court of law with any practical efficacy, so that the only proper course is to reverse the order appealed, and direct the court below to dismiss the bill, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 14.