HENZE *v.* CITY OF DETROIT.

1. ACTION—MOTOR VEHICLES—PARKING ON STREET—REMEDY FOR GRIEVANCE—DECLARATORY JUDGMENTS.

Property owner who suffers grievance because of cars parking in street in front of his property, sometimes cutting off access thereto, is not entitled to decree under declaratory judgments act (Act No. 36, Pub. Acts 1929), but his remedy is municipal legislation regulating parking on said street.

2. SAME—PARKING IN FRONT OF PRIVATE DRIVEWAY.

It is unnecessary that Supreme Court be called upon to declare that parking of cars in front of private driveway is violation of statute and punishable as such (Act No. 318, Pub. Acts 1927, § 27).

Appeal from Wayne; McPeek (Russell R.), J., presiding. Submitted April 23, 1930. (Docket No. 85, Calendar No. 34,932.) Decided June 2, 1930.

Bill by William E. Henze against the city of Detroit to determine parking rights in a street in front of plaintiff's residence. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*William E. Henze, in pro. per.*

*Clarence E. Wilcox,* Corporation Counsel, and *Nathaniel H. Goldstick,* Assistant Corporation Counsel, for defendant.

NORTH, J. Plaintiff is the owner and occupant of a home on Field avenue in Detroit, where he has lived for many years. In recent months access to his residence has been seriously interfered with and at times practically out off by the parking of automobiles along the curb in front of his premises. Plaintiff claims that this use of the street has deprived him, his family, and their guests of reasonable access to plaintiff's premises. Also that his premises have been thus rendered so inaccessible that he is practically deprived of fire and police protection. The parties who park these cars are said to claim a legal right to store their automobiles in the street. Parking of this character is alleged to be a matter of daily occurrence, some of the cars standing in front of plaintiff's premises for 36 consecutive hours.

Plaintiff has not applied to the common council of Detroit for legislative relief; but he has applied to the police department, which department has refused to remove the parked vehicles on the ground that while the so-called "48-hour ordinance" vests

the police with power to remove a car which has been parked in the same place in the street for 48 consecutive hours or more, the police have no right to remove a parked vehicle before the expiration of the ordinance period. Other than above indicated, there is no ordinance governing parking in front of plaintiff's premises.

Proceeding under Act No. 36, Pub. Acts 1929, the so-called declaratory judgment act, plaintiff filed a petition in the circuit court of Wayne county, in chancery, against the city of Detroit. He asked that the court decree: (a) That he is entitled to unimpeded access to his house from the street; (b) that no person has a right to interfere with such access by parking cars in front of plaintiff's premises, except temporarily (as is usual in calling at plaintiff's residence) at any time day or night; (c) that when plaintiff's right of access to his residence is obstructed or cut off by the parking of cars "it is the duty of the police,  *  *  *  on request, to remove the obstruction;" and (d) that the so-called 48-hour ordinance above mentioned be declared unreasonable and void. At the conclusion of the hearing in the circuit court a decree was entered dismissing plaintiff's bill of complaint. He has appealed.

From the standpoint of his convenience and comfort, it is clear plaintiff has a grievance, but it is by no means equally clear that plaintiff has any occasion for seeking a declaratory judgment. In *Washington-Detroit Theater Co.* v. *Moore,* 249 Mich. 673, this court plainly intimated: "That the present act (declaratory judgment act) does not constitute a court a fountain of legal advice to fill the cups of loitering wayfarers;" and also that "The exercise of the jurisdiction is discretionary with the court,

and where no consequential relief is sought, it will be exercised with great care, extreme caution, and only where there are special circumstances demanding it."

In the instant case, it is obvious that no beneficial relief would accrue to plaintiff from a decree declaring the so-called 48-hour ordinance invalid. This would simply leave plaintiff's street without any parking regulations. Beyond this, the only opinion sought by plaintiff is whether or not he is entitled to police protection. The answer does not require declaratory judgment, especially since plaintiff does not point out the violation of either an ordinance or a statute; nor does there seem to have been any except as hereinafter indicated. It seems idle for this court to be called upon to announce that the obvious remedy is municipal legislation regulating parking on the street in the vicinity of plaintiff's premises. It seems likewise wholly unnecessary that this court should be called upon to declare that parking cars in front of a private driveway is a violation of the statute and punishable as such. Section 27, Act No. 318, Pub. Acts 1927.

The decree of the lower court dismissing plaintiff's bill of complaint is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.