CENTRAL HIGH SCHOOL ATHLETIC ASS'N v. CITY OF GRAND RAPIDS.

1. APPEAL AND ERROR—BRIEFS—COURT RULES.
   Appellant's brief is more helpful, where after statement of facts argument is set forth with page references to record where facts are referred to, main points of argument are set out in bold face type and concluding section specifies relief for which claim is made, all of which is provided for by court rule; an index to cases cited, although not required, also being helpful (Court Rule No. 67, §§ 3, 4 [1933]).

2. MUNICIPAL CORPORATIONS — ZONING ORDINANCES — BOARD OF APPEALS.
   On appeal to board of appeals as to construction of seven-foot brick wall around athletic field, decision of the board *held*, final under statute and ordinance so far as the finding of facts is concerned (1 Comp. Laws 1929, § 2633 *et seq.*; Grand Rapids zoning ordinance, § 16e).

3. ACTION—DECLARATORY JUDGMENTS—ZONING ORDINANCES—APPEAL AND ERROR.
   A case for declaratory judgment is not a substitute for new trial or an appeal from a former judgment of board of appeals under zoning ordinance and statute deciding identical issues or issues which the court believes were passed upon (Comp. Laws 1929, § 2633 *et seq.*, §§ 13903–13909).

4. SAME—PARTIES—DECLARATORY JUDGMENTS.
   All interested parties should be before the court in suit for declaratory judgment (3 Comp. Laws 1929, §§ 13903–13909).

5. Judgment—Declaratory Judgment—Municipal Corporations—
Parties—Zoning Ordinances—Statutes—Appeal and Error.

In suit involving application of declaratory judgment act to pro-
ceedings taken under statute and city zoning ordinance with
reference to construction of brick wall around field owned by
board of education and leased to high school athletic associa-
tion, bill *held*, properly dismissed where board was not a party
to the suit and zoning board of appeals had passed upon issues
here sought to be reviewed and no appeal had been taken from
its decision (Comp. Laws 1929, § 2633 *et seq.*, §§ 13903–13909;
Grand Rapids zoning ordinance, § 16e).

6. Costs—Declaratory Judgment—Zoning Ordinances and Stat-
utes—Public Questions.

No costs are allowed in suit for declaratory judgment respecting
right of high school athletic association to build seven-foot
brick wall around an athletic field °under zoning ordinance and
statute, a public matter being involved (Comp. Laws 1929,
§ 2633 *et seq.*, §§ 13903–13909; Grand Rapids zoning ordinance,
§ 16e).

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted October 25,
1935. (Docket No. 92, Calendar No. 38,615.) De-
cided January 6, 1936.

Bill by the Central High School Athletic Associa-
tion of the city of Grand Rapids, a voluntary asso-
ciation, against the city of Grand Rapids and Ralph
Seeger, building inspector, for declaration of rights
as to construction of a wall. Bill dismissed. Plain-
tiff appeals. Affirmed.

*Laurence W. Smith,* for plaintiff.

*Louis H. Grettenberger,* for defendants.

Bushnell, J. Appellant's brief would have been
more helpful had counsel followed Rule No. 67, §§ 3,
4 (1933), which provide:

"Following the statement of facts, the appellant
shall, under the heading 'argument,' set forth his
argument, with page references to the record, where

facts are referred to. The main points of the argument shall be set out in bold face type.

"There shall be a concluding section, under the heading 'relief,' specifying the order, judgment or decree to which the appellant contends he is entitled."

We do, however, appreciate appellant's index to cases cited, although not required by rule.

This case involves the applicability of the so-called declaratory judgment act, 3 Comp. Laws 1929, §§ 13903–13909, to proceedings taken under the zoning statutes, 1 Comp. Laws 1929, § 2633 *et seq.*, and the zoning ordinance of the city of Grand Rapids as of May 1, 1934. It raises questions of practice in such situations. The present declaratory judgment act was construed in *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673, 677 (68 A. L. R. 105), and the zoning ordinance of defendant city in *Beardsley* v. *Evangelical Lutheran Bethlehem Church,* 261 Mich. 458. Both of these cases have been published so recently that we refrain from undue quotations.

The facts out of which the controversy arose are tersely stated by the trial judge as follows:

"In 1907 the board of education of the city of Grand Rapids acquired certain lands by gift to be used as an athletic field. In 1922, it leased this property to plaintiff, a voluntary association composed of students and faculty members of the Central High School of Grand Rapids. Plaintiff proposed in 1934 to erect a seven-foot wall around the premises. Both the board of education and the petitioner filed an appeal with the zoning board of appeals to modify the zoning ordinance to permit the erection of this wall. Final disposition of this matter was made by the board of zoning appeals October 15, 1934, when permission was granted to build a four-foot wall."

The court held:

"The decision of the board so far as the finding of facts is concerned is final and no provision is made for a review of its findings. I am, therefore, of the opinion that the remedy sought in the present case by petitioner is not proper, and that the motion to dismiss will, therefore, be granted."

Appellant contends that the court should have granted a declaration of rights under the admitted facts. The bill was filed against the city and its building inspector. We fail to find where either defendant admitted anything. Each appeared specially and stated that plaintiff was not a proper party, was not interested in the land in question, and denied the existence of any controversy between plaintiff and itself or himself.

Did the court err in holding that the findings of the zoning board of appeals were final? The court held:

"The decision of the board so far as the finding of facts is concerned is final,"

and this is in accordance with the language of section 16(e) of the ordinance:

"The decision of such board shall be final so far as it involves discretion or the findings of facts."

This language was approved in the *Beardsley Case, supra,* where we said:

"The decision is final in the absence of fraud or bad faith."

The lease to which the trial judge refers is in its terms essentially an agreement, in which it is recognized that all improvements and equipment added to the athletic field are to become the property of the

board of education.  In consideration of the expenditure of $5,000 by the board of control, the agreement recites that the students of Central High School are privileged to use the property for a period not to exceed 15 years, under certain conditions.  The board of education, however, reserves the right to terminate the agreement, for cause, at any time.

The record before us shows that on January 9, 1934, the board of education requested the board of zoning appeals to permit the erection of a seven-foot brick wall, which was granted January 15th, upon certain conditions, one of which was that its height should not exceed four feet.  Plaintiff remained silent until September 17th, when it requested permission to erect a temporary board fence. This request was subsequently abandoned and in its place reconsideration was asked of the seven-foot brick wall petition.  The board of education seems to have joined in this petition, at least it is so stated in a letter dated October 6, 1934, and signed by the principal of Central High School.  Hearings upon the supplementary petitions resulted in permission to erect a four-foot wall with a temporary superstructure of three feet, on the conditions stated in the zoning board's resolution of October 16, 1934.

The board of education, who are the owners of the property, so far as their subsequent silence is any indication, seem content with the result. Ten days later, plaintiff, who had voluntarily submitted itself to the jurisdiction of the board of zoning appeals filed this bill in the superior court, instead of seeking the usual method of review of such orders as indicated in *James S. Holden Co.* v. *Connor,* 257 Mich. 580, and *Beardsley* v. *Evangelical Lutheran Bethlehem Church, supra.*

We said in *Washington-Detroit Theatre Co.* v. *Moore, supra,* and repeated in *Henze* v. *City of Detroit,* 250 Mich. 597:

"The present act (declaratory judgment act) does not constitute a court a fountain of legal advice to fill the cups of loitering wayfarers."

We direct attention to our observations in *Washington-Detroit Theatre Co.* v. *Moore, supra,* of some of the adjudged requirements of a proper case for declaratory relief. We have again examined the authorities cited in the briefs and those indicated by our study of the subject and do not find authority for this method of review of the determination of zoning boards unless it can be said that *Faulkner* v. *Keene,* 85 N. H. 147 (155 Atl. 195), not cited in either brief, indicates approval.

The co-draftsman of the uniform declaratory judgment act, Professor Borchard in his work "Declaratory Judgments," says at page 156:

"Where, however, a special statutory method for the determination of the particular type of case has been provided, it is not proper to permit that issue to be tried by declaration." (*Kariher's Petition,* 284 Pa. 455 [131 Atl. 265].)

And at page 180:

"Nor, as already observed, will the court permit a special tribunal having statutory jurisdiction of the express type of case *sub judice,* or given jurisdiction by agreement of the parties, to be ousted of its jurisdiction by a petition for a declaration in the ordinary courts. * * * The declaratory action is not a substitute for a new trial or an appeal from a former judgment deciding identical issues or issues which the court believes were passed upon."

To indicate the caution observed by courts, we quote Mr. Justice Anglin who wrote the prevailing

opinion in *City of Lethbridge* v. *Canadian West. National Gas, Light, Heat & Power Co. Ltd.*, L. R. 1923 Can. 652:

"I am of the opinion that a merely declaratory judgment could not prove other than embarrassing to the board, to whose jurisdiction the parties must ultimately have recourse. Out of respect to the legislature and to carry into effect the spirit, if not the letter, of its policy, as expressed in the public utilities act, the courts, although they may not have been denuded of jurisdiction to entertain such an action as that now before us, should, I think, decline to exercise that jurisdiction, if they possess it, and should relegate the parties to the board which the legislature has constituted to deal with such cases and has clothed with powers adequate to enable it to do full and complete justice in the premises."

The above case did not involve a question of previous adjudication before the board. The real party in interest, the board of education, is not before the court. We have grave doubts, that a declaratory judgment would be *res judicata* of anything with only the present parties before us. All interested parties should be before the court.

In the exercise of its discretion and with appropriate care and caution (*Washington-Detroit Theatre Co.* v. *Moore, supra*), the trial court declined to issue its declaratory judgment on the situation presented by the bill, and granted defendants' motion to dismiss.

The decree entered below is affirmed, but without costs, this being a public matter.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.