ROTT v. STANDARD ACCIDENT INSURANCE CO.

1. Action—Declaratory Judgment—Questions of Fact.
    Suit against building contractor, his surety under indemnity bond given incident to remodeling of a building, and various lien claimants and others claiming an interest in the property for a declaratory judgment was properly dismissed as not a proper one for a declaratory judgment or decree where all issues involve determination of questions of fact (3 Comp. Laws 1929, § 13903 et seq.).

2. SAME—DECLARATORY JUDGMENT NOT A SUBSTITUTE FOR REGULAR ACTIONS.

> A declaratory judgment is not a substitute for regular actions (3 Comp. Laws 1929, § 13903 *et seq.*).

3. SAME—TEST OF RIGHT TO DECLARATORY JUDGMENT.

> One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights (3 Comp. Laws 1929, § 13903 *et seq.*).

4. APPEAL AND ERROR—DECLARATORY JUDGMENT—BILL IN CHANCERY —PRINCIPAL AND SURETY.

> Dismissal of owner's petition for declaratory judgment brought against contractor, his surety on indemnity bond, various lien claimants and others claiming an interest in remodeled building was proper as to defendant surety where even if petition were treated as a bill in chancery it failed to state a cause of action against such surety in that no loss or damage is alleged for which the surety was or necessarily would become liable.

5. PRINCIPAL AND SURETY—CONTRACTOR'S INDEMNITY BOND.

> Owner under building remodeling contract failed to state a cause of action under contractor's indemnity bond where owner alleged he has withheld an amount sufficient to recoup damages claimed for delay in completing construction and denied validity of various claims against the property asserted by third parties.

Appeal from Wayne; Chenot (James E.), J. Submitted June 4, 1941. (Docket No. 43, Calendar No. 41,632.) Decided October 6, 1941.

Petition by Harry Rott against Standard Accident Insurance Company and others for declaratory judgment relating to a construction contract and bond. Plaintiff appeals from order dismissing action without prejudice. Affirmed.

*David M. Miro*, for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Mayer,* for defendant Standard Accident Insurance Company.

Sharpe, C. J. This is a petition for a declaratory judgment.* The material facts are not in dispute. Plaintiff, Harry Rott, entered into a contract with the Reliable Lumber & Wrecking Corporation for the remodeling of a building for the contract price of $11,000. Simultaneously with the execution of this contract, the lumber company obtained a bond executed by the Standard Accident Insurance Company the purpose of which as stated in the bond was to "idemnify the obligee [Harry Rott] against loss or damage directly caused by the failure of the principal [lumber company] to faithfully perform said contract."

The building contract specified that the job was to be completed not later than May 15, 1940; however, the building was not completed until about September 1, 1940. The contract provided for payments as the work progressed with the exception of the final payment of $3,500 which was to be paid within 30 days after the completion of the building.

On September 3, 1940, the contractor gave plaintiff his sworn statement indicating that his firm was indebted to various subcontractors for labor and material in the sum of $4,491.39. Since the completion of the contract, six liens have been filed against plaintiff's building for material and labor. In addition, three labor and material men have instituted actions against the contractor and caused writs of garnishment to be served on the plaintiff. Plaintiff has also been served with a notice of tax lien and notice of levy against Joseph R. Kelso, doing business as Reliable Lumber & Wrecking Company, by the treasury department of the United

---

* See 3 Comp. Laws 1929, § 13903 *et seq.* (Stat. Ann. § 27.501 *et seq.*).—Reporter.

States through the office of the collector of internal revenue.

On March 8, 1941, plaintiff filed a petition for a declaratory judgment against the contractor, the surety on the contractor's bond, and all other persons claiming an interest in said funds or property as lien-claimants or otherwise.

The surety company filed a motion to dismiss the petition and alleged that the petition draws into one action a multitude of unrelated causes, and numerous persons and parties who have no legal concern with each other, and results in objectionable multifariousness; that plaintiff has a full, complete and adequate remedy at law, without any threat of multiplicity of actions; and that the continuation of this petition in chancery would deprive the contractor and its surety of the right of jury trial on the issue of whether the contract was breached, and, if so, the damages consequent thereto.

This motion was granted. Plaintiff appeals and urges that a determination of his petition for declaratory judgment and other relief would dispose of all of the issues between the litigating parties and that, under the circumstances in this case, the remedy sought is an alternative one.

It is the general rule that the granting of declaratory relief is discretionary. See 16 Am. Jur. p. 287; 12 A. L. R. 66; 19 A. L. R. 1127; 50 A. L. R. 45; 87 A. L. R. 1212.

In *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673, 677 (68 A. L. R. 105), we indicated that—

"The exercise of the jurisdiction is discretionary with the court, and where no consequential relief is sought, it will be exercised with great care, extreme caution, and only where there are special circumstances demanding it."

See, also, *Kariher's Petition (No. 1)*, 284 Pa. 455 (131 Atl. 265); *Henze* v. *City of Detroit*, 250 Mich. 597; *Central High School Athletic Ass'n* v. *City of Grand Rapids*, 274 Mich. 147.

In *Washington-Detroit Theatre Co.* v. *Moore*, *supra*, we also indicated that—

"Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action."

See, also, *Newsum* v. *Interstate Realty Co.*, 152 Tenn. 302 (278 S. W. 56).

In 16 Am. Jur. pp. 294, 295, it is said:

"Where a declaratory judgment as to a disputed fact would be determinative of issues, rather than a construction of definite stated rights, status, and other relations, commonly expressed in written instruments, the case is not one for declaratory judgment."

In *Page* v. *Story*, 280 Mich. 43, Merton J. Story received injuries in an automobile accident causing his death. His parents, sole heirs at law of his estate, executed a release from liability. Thereafter, the father, as administrator of the estate, brought an action at law against plaintiffs and the Otsego Sanitary Milk Products Company to recover under the survival act.* Plaintiffs then filed a bill to obtain a decree declaratory of their rights under the release and to restrain prosecution of the action at law. The trial court dismissed the bill and upon review we said:

---

* See 3 Comp. Laws 1929, § 14040 *et seq.* (Stat. Ann. § 27.684 *et seq.*).—Reporter.

"The case at bar involved issues of fact properly triable in the action at law, and the court was right in dismissing the bill."

See, also, *Updegraff* v. *Attorney General,* 298 Mich. 48.

In the case at bar, the owner had a building remodeled. Several liens have been filed against his property and he has been named garnishee defendant in three actions by unpaid material men. There is also a tax proceeding which does not affect the owner. If the owner has an action against the contractor for breach of contract, his remedy is to bring the appropriate action in a proper court; and if he is able to establish damages to the amount that he owes on the contract, such judgment would dispose of the garnishment proceedings. In the case of the six liens that have been filed against the property, a statutory foreclosure proceeding is the proper remedy to determine their validity and the amount of each lien. All of these issues involve questions of fact.

Plaintiff urges, as one of his reasons for asking for a declaratory judgment, that the bond filed is a contract-performance bond; and that said bond contains the following provision:

"9.  No action, suit or proceeding shall be had or maintained against the surety under this bond unless it shall be brought or instituted and process served upon the surety within 12 months after the date, time or period fixed in the contract for the completion of the work specified therein;"

that the date specified for completion of the building was May 15, 1940; and that it would be necessary under the provisions of the bond to institute a suit against the surety within the year beginning May 15, 1940.

In our opinion the bond is an indemnity bond. The condition is that "if the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal to faithfully perform said contract, then this obligation shall be null and void; otherwise remain in full force and effect."

The surety is obligated up to the penal sum of $15,000, but its obligation is only to pay any loss or damage, within the penal limits, "directly caused by the failure of the principal to * * * perform said contract," in the event that the principal fails to indemnify the obligee therefor. Under such a bond there is no liability of the surety until the owner has established a breach of contract, or has been compelled to pay a lien. The obligation of the surety is to pay the owner for any loss or damage directly caused by the contractor's failure to perform faithfully. Plaintiff's duty is first to determine the amount of his damages and then call upon the surety for indemnification. All of the issues in this case raise questions of fact. Under such circumstances, a court of chancery is without jurisdiction to entertain a petition for a declaratory judgment.

The trial court was right in dismissing the petition. The order of the trial court is affirmed, with costs to defendant Standard Accident Insurance Company.

Starr, J., concurred with Sharpe, C. J.

North, J. I am in accord with Chief Justice Sharpe's holding that the instant case is not a proper one for a declaratory judgment or decree.

"A declaratory judgment is not a substitute for regular actions. *Washington-Detroit Theatre Co.* v. *Moore*, 249 Mich. 673 (68 A. L. R. 105); *Village of*

*Grosse Pointe Shores* v. *Ayres,* 254 Mich. 58; *Miller* v. *Siden,* 259 Mich. 19. One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights. *City of Flint* v. *Consumers Power Co.,* 290 Mich. 305." *Updegraff* v. *Attorney General,* 298 Mich. 48.

However, under the facts and circumstances presented by this record, I am not prepared to agree unqualifiedly with that portion of Chief Justice Sharpe's opinion wherein it is stated: "Plaintiff's duty is first to determine the amount of his damages and then call upon the surety for indemnification." Decisions on the equity side of courts are at variance as to the right of an indemnitee to proceed against the surety before an actual liquidated or adjudicated loss or damage is sustained; and there seems to be a dearth of authority as to whether or not the indemnitee may proceed in equity simultaneously against a surety and a contractor incident to whose undertaking the bond is given. Because there is no occasion for going into this field of the law in deciding the instant case, we refrain from doing so.

Except for the brief statement that plaintiff's petition does "not present a proper situation for the exercise of this court's jurisdiction under the declaratory judgment act," the record does not disclose the reasons in consequence of which the circuit judge dismissed plaintiff's petition. It is appropriate to note that even if plaintiff's petition for a declaratory judgment or decree were instead to be considered as a bill in chancery, still it was properly dismissed as to the surety on the contractor's bond because, taking the allegations of the bill as true, plaintiff has not stated a case entitling him to relief

against the surety. This is true because of the following facts and circumstances appearing in plaintiff's petition. There is still an amount unpaid by plaintiff on his building contract which is more than sufficient to satisfy plaintiff's claim in the nature of recoupment of damages which he alleges he sustained by reason of the builder's breach of his contract. This being so, the surety could not become liable in consequence of this phase of the case. And as to each of the claims of third parties in consequence of which plaintiff asserts he may suffer loss or damage, such as mechanic's liens, garnishment proceedings, et cetera, plaintiff has denied that any of these claims are valid. If they are not valid, the surety could not become liable to plaintiff in consequence thereof. Therefore it appears that even though plaintiff's case were considered as one cognizable in equity, his pleading does not state a case in consequence of which the surety could be found liable, and it follows that dismissal on the surety's motion was proper.

The order of dismissal entered in the circuit court is affirmed, with costs to the Standard Accident & Insurance Company.

BUSHNELL, BOYLES, CHANDLER, WIEST, and BUTZEL, JJ., concurred with NORTH, J.