PEOPLES COMMUNITY HOSPITAL AUTHORITY *v.* CITY OF ECORSE.

SAME *v.* CITY OF RIVER ROUGE.

1. HOSPITALS — COMMUNITY HOSPITAL AUTHORITY — AMENDATORY ACTS.

Acts amending community hospital authority act were intended to clarify certain provisions of the original act and to remedy possible defects in matters of procedure in the formation of such authorities and in subsequent proceedings (CL 1948, § 331.1 *et seq.*, as amended by PA 1949, No 62, and PA 1952, No 170).

2. SAME — JOINT AUTHORITY — CONSTITUENT MEMBERS — RES JUDICATA.

Defendant cities who had sought to become constituent members of plaintiff, a joint hospital authority, and who had been approved as such, were constituent members, subject to payment of statutory portion of expenses and capital outlay and were not entitled to withdraw because of alleged misstatements of a promissory nature, as previously found by the Supreme Court (CL 1948, § 331.1 *et seq.*, as last amended by PA 1952, No 170).

3. JUDGMENT — RES JUDICATA — PARTIES — SUBJECT MATTER — SUPREME COURT.

Decree in former suit between joint hospital authority and its constituent members is final, insofar as all parties thereto are concerned, as to matters submitted to the Supreme Court and determined.

4. SAME — SUMMARY JUDGMENT — RES JUDICATA.

Motions for summary judgments in favor of plaintiff joint hospital authority were properly granted against defendant cities who were constituent members thereof for statutory share of expenses and capital outlay as provided in budget prepared by hospital, in absence of other matters of a material character differing from those presented in previous case between same parties (CL 1948, § 331.1 *et seq.*, as last amended by PA 1952, No 170).

Appeal from Wayne; Edwards (George), J. Submitted April 13, 1955. (Docket Nos. 35, 36, Calendar Nos. 46,436, 46,451.) Decided June 6, 1955.

---

REFERENCES FOR POINTS IN HEADNOTES

[3, 4] 30 Am Jur, Judgments § 161 *et seq.*

Assumpsit by Peoples Community Hospital Authority, a quasi-public corporation, against City of Ecorse, a municipal corporation, for proportionate share of expenses assessed for years following attempt of city to withdraw from plan. Similar action by same plaintiff against City of River Rouge, a municipal corporation. Cases combined upon motions for summary judgments and for purposes of appeal. Summary judgments for plaintiff. Defendants appeal. Affirmed.

*Cozadd & Shangle,* for plaintiff.

*Victor T. Mitea,* City Attorney, for City of Ecorse, and *Kenneth J. Logan,* City Attorney, for City of River Rouge (*Marx, Levi, Thill & Wiseman,* of counsel), for defendants on combined brief.

CARR, C. J. These cases involve substantially identical issues. They were submitted to the trial court on motions for summary judgment, a judgment in favor of the plaintiff being entered in each case. On appeal the same method of procedure has been observed as in the circuit court, although separate records have been filed. No reason appears why they may not be considered and determined accordingly.

Plaintiff Hospital Authority was organized in 1945 under provisions of PA No 47 of that year, 3 villages and 6 townships becoming constituent members at that time. As originally enacted the statute permitted any 2 or more cities, incorporated villages or townships, or any combination thereof, by resolution of their respective legislative bodies, to join for the purpose of forming a hospital authority which should construct or acquire a community hospital. Any hospital authority so created was declared to be a body corporate with authority to contract. The legislature further specified that a hospital board,

created in the manner outlined by the statute, should be selected to direct and govern the functions of an authority. Said board was directed to prepare a budget, not later than the 1st of April of each year, covering estimated current expenses and also expenses for capital outlay. The money necessary to be raised by the constituent members of the authority was required to be determined on the basis of equalized valuation of such members, subject to the provision, however, that in dividing the amount apportioned to any township between it and a village member located therein consideration should be given to the last assessed valuation as determined by the boards of review. The sum required of each constituent member, when determined as provided by the statute, was required to be certified thereto. The act further gave power to issue bonds and to purchase and acquire property.

The act as originally passed in 1945 was amended by PA 1949, No 62, and PA 1952, No 170 (CL 1948 and CLS 1954, § 331.1 et seq. [Stat Ann 1953 Cum Supp § 5.2456(1) et seq.]). An examination of the amendatory acts of 1949 and 1952 indicates that their general purpose was to clarify certain provisions of the original act, and to remedy possible defects in matters of procedure in the formation of community hospital authorities and in subsequent proceedings. A detailed discussion of the amendments is not required.

Ecorse and River Rouge did not become members of plaintiff Authority at the time of its formation in 1945. However, approximately 2 years later, the legislative body of each city adopted a resolution declaring the desire of such city to become a constituent member of the Authority, and the hospital board of the latter, by formal resolution, approved the request. Apparently some dissatisfaction arose later with reference to the operations of the Hospital

Authority and in January, 1948, the common council of each of said cities adopted a resolution rescinding its prior request for admission as a constituent member. Recognition to the claimed right of withdrawal was refused. Thereafter each year the hospital board proceeded to determine the amount that each member of the Hospital Authority should raise for expenses and capital outlay, and notices were given to said members, including the cities of Ecorse and River Rouge. Payments were not made by said cities in accordance with the notices given, and, in consequence, the present suits were started in March, 1954, to enforce payment of the proportionate shares claimed from defendants for the fiscal years 1948–1949 to and including 1953–1954. Defendant cities filed identical answers denying liability and raising certain affirmative defenses. Plaintiff filed its reply in each case, asserting that all material matters involved in said affirmative defenses had been determined adversely to defendants by this Court in *City of Ecorse* v. *Peoples Community Hospital Authority,* 336 Mich 490.

On behalf of plaintiff motions for summary judgments were filed, supported by affidavits of merit. Each defendant filed answer thereto, with affidavits averring certain facts claimed by plaintiff to be immaterial and in effect asserting the affirmative defenses raised by the answers. Following a hearing in circuit court the trial judge came to the conclusion that all material matters raised by defendants had in fact been determined by this Court in the case cited, insofar as the contributions sought from the defendant cities for the fiscal years 1947–1948 to and including 1950–1951 were concerned. Inasmuch as action taken in subsequent years was not involved in the prior case, the Court suggested that the declarations be amended by limiting the claim under each to

the 4 years specified. Such action was taken and judgments were entered accordingly.

As before noted, each defendant in its answer to plaintiff's declaration raised certain affirmative defenses which were also relied on to defeat the motion for summary judgment. In substance it was claimed on behalf of each city that it never became affiliated with the plaintiff herein, that it was not a party to the formation of said Hospital Authority, that the subsequent action taken in 1947 to become a constituent member was not authorized by the statute and was, therefore, a nullity, that the resolution adopted in January, 1948, in terms rescinding its prior resolution, was effective to withdraw defendant from any affiliation, if there was such, with plaintiff, and that the city was entitled to withdraw because changing conditions indicated that membership thereby in the Hospital Authority would not be of benefit to the residents and property owners of said city. It was further asserted that PA 1945, No 47, was fatally defective because of failure to impose a limit on contributions that might be requested, and because of failure to provide means whereby defendant could raise money to meet its obligation, if a member. The claim was also advanced that the hospital board of plaintiff had failed to prepare its budgets in accordance with the statute, and had also failed to render to defendant the reports prescribed by the act of 1945.

The case above cited was instituted by bill of complaint filed March 1, 1951. Plaintiff therein, the city of Ecorse, sought injunctive relief and also a decree that PA 1945, No 47, and the act of 1949, amendatory thereto, were invalid. The court was further asked to decree that the Peoples Community Hospital Authority had not been legally established so as to make the city of Ecorse a member thereof, that the resolution of the council of the city request-

ing admission as a member of said Authority was not legal and binding on the city, that the rescission or disclaimer of membership was binding, that the apportionments to the city of Ecorse for the fiscal years 1947–1948 to and including 1950–1951 were illegal and without authorization, that there was no contractual relation between Ecorse and the Hospital Authority, or the other defendants named in the case, whereby the plaintiff city was bound to participate in financing and operating the Hospital Authority, and that any affiliation between Ecorse and the other defendants named, if there had been such, was terminated. The bill of complaint further set forth the claim that representations had been made to it concerning the construction of a hospital in a location readily accessible to the people of Ecorse from funds made available by the Federal government and certain contributions, and that the funds to be contributed by the city of Ecorse would be used for operating deficits only.

The other members of the Authority were joined with the latter as parties defendant, some of them filing answers and others submitting pleadings in which affirmative relief analogous to that sought by the city of Ecorse was requested. It may be noted in this connection that River Rouge duly filed its answer and in substance asked that the relief sought by Ecorse should be granted to it. The trial court entered a decree in favor of the plaintiff and those defendants seeking affirmative relief, but this Court on appeal reversed for the reasons appearing in the opinion filed in the cause. The validity of the statute, as amended by the act of 1949, was upheld. Consideration was given to the other questions raised, and the conclusions reached as to the material issues in the cause were summarized in the decree of the Court as follows:

"1. That Act No 47 of the Public Acts of the State of Michigan for the year 1945 be, and the same is hereby declared and determined to be constitutional.

"2. That Act No 62 of the Public Acts of the State of Michigan for the year 1949 be, and the same is hereby declared and determined to be constitutional.

"3. That the Peoples Community Hospital Authority is a State agency and that it is legally and lawfully constituted and has full power and authority to act as such.

"4. That the cities of Ecorse, Lincoln Park, Melvindale, River Rouge and Ypsilanti, the villages of Allen Park, Inkster, Flat Rock, Trenton and Wayne and the Townships of Dearborn, Ecorse, Huron, Nankin, Romulus, Sumpter and Taylor are all constituents and participating members of Peoples Community Hospital Authority which has full power and authority to plan its budget within the maximum tax rate provided by the legislature and apportion the proportionate shares thereof to the participating municipalities.

"5. It is further ordered, adjudged and decreed that plaintiff, city of Ecorse, cross plaintiff, township of Romulus, and other municipalities who sought affirmative relief, having failed to substantiate their claims and right to relief, the bill of complaint of the city of Ecorse, the cross bill of complaint of the village of Romulus, and the pleadings of the municipalities who sought affirmative relief be, and the same are hereby dismissed but without costs, a public question being involved."

It will be noted that the decree through which this Court spoke affirmatively declared that Ecorse and River Rouge were constituent and participating members of the Hospital Authority, and that said authority was vested with the power to plan its budget within the maximum tax rate provided by the statute and to apportion the same among the participating municipalities. Such provision effectively answers the claim of the defendants in the

cases now at bar that they never became members of the Authority, or if they did so that they ceased to be such on the adoption of the so-called rescinding resolutions, or that they were entitled to withdraw because of the alleged misstatements made to them. It may be noted in passing that such alleged misstatements were apparently promissory in character and did not relate to existing facts.

Of significance also is the provision of the decree that the plaintiff and other municipalities seeking affirmative relief had failed to substantiate their claims and that, in consequence, their pleadings were dismissed. As before noted, River Rouge by its pleading sought the same relief as did the city of Ecorse. The conclusion cannot be avoided that both of these municipalities are confronted in the present cases by the decree of this Court in the case cited that their claims there made, which are substantially identical with their present claims, were not substantiated. The decree in question was and is final, insofar as all parties to that case are concerned, as to matters submitted to the Court and determined. *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich 673 (68 ALR 105). No other matters of a material character are involved in the cases now before us.

Our examination of the records in these cases and of the briefs of counsel, and of the record and briefs in *City of Ecorse* v. *Peoples Community Hospital Authority, supra,* brings us to the conclusion that the trial court was not in error in granting the motions for summary judgments. Said judgments are affirmed, with costs to appellee.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.