CITY OF LAKE ANGELUS v AERONAUTICS COMMISSION

Docket No. 238996. Submitted July 9, 2003, at Detroit. Decided January 20, 2004, at 9:05 A.M. Leave to appeal sought.

The city of Lake Angelus, which has an ordinance barring the landing, docking, and takeoff of seaplanes on Lake Angelus, brought an action in the Oakland Circuit Court against the Michigan Aeronautics Commission and others, seeking a declaratory judgment that 1999 AC R 259.401 is invalid in that it allows the commission to override the plaintiff's ordinance. The court, Deborah G. Tyner, J., granted summary disposition for the plaintiff, ruling that the commission exceeded the authority granted to it by MCL 259.1 et seq. in adopting R 259.401. The defendant appealed.

The Court of Appeals held:

1. An actual controversy exists even though no person has initiated administrative proceedings for the override of the plaintiff's ordinance. A littoral property owner on Lake Angelus has unsuccessfully challenged the ordinance in the federal court system and has threatened to invoke the administrative rule in an effort to open the lake to seaplanes. The administrative rule was adopted after the Seaplane Pilots Association requested the commission to clarify that all bodies of water of appropriate size, including Lake Angelus, should be open to waterborne aircraft operations. Administrative and legal proceedings are portended, and it is in the public interest to declare the rights of the parties on the question whether the commission has the authority to override the ordinance.

2. The commission, under MCL 259.51, has exclusive authority to approve the location and operation of airports, landing fields, and other aeronautical facilities. The commission's authority to approve the location of aeronautical facilities does not empower it to, in effect, authorize the landing and takeoff of seaplanes on a body of water located entirely within a city that the city determines is not an appropriate landing field for seaplanes.

Affirmed.

AVIATION — SEAPLANES — AERONAUTICS COMMISSION — MUNICIPALITIES.

The administrative rule that allows the Michigan Aeronautics Commission to override a municipal ordinance that bans the landing, docking, and takeoff of seaplanes on a body of water located

entirely within the municipality is in excess of the commission's statutory authority and is invalid (1999 AC R 259.401; MCL 259.51).

*Beier Howlett, P.C.* (by *Lawrence R. Ternan*), for city of Lake Angelus.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Patrick F. Isom,* Assistant Attorney General, for Michigan Aeronautics Commission and others.

Amici Curiae:

*Garan Lucow Miller, P.C.* (by *Rosalind H. Rochkind* and *David M. Shafer*), for Michigan Municipal League and Michigan Townships Association.

*Chait & Schwartz, P.L.C.* (by *Steven M. Chait*), for Seaplane Pilots Association.

Before: MURPHY, P.J., and COOPER and C. L. LEVIN*, JJ.

C. L. LEVIN, J. This is an action for a declaratory judgment challenging the validity of an administrative rule promulgated by defendant, Michigan Aeronautics Commission.

The Oakland Circuit Court granted summary disposition for plaintiff, city of Lake Angelus, concluding that the statute establishing the authority of the Aeronautics Commission, did not authorize the commission to override an ordinance adopted by the city. We affirm.

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

The meritorious question presented is whether the enabling legislation,[1] as amended by 2002 PA 35, confers upon the Aeronautics Commission the power to override an ordinance adopted by a city barring the landing, docking, and takeoff of seaplanes. There is a preliminary question, whether there is an "actual controversy" within the meaning of MCR 2.605[2] or § 64 of the Administrative Procedures Act.[3] We hold that there is an actual controversy, and that the administrative rule adopted by the Aeronautics Commission is invalid.

---

[1] MCL 259.1 *et seq.*

[2] The complaint states that this action for a declaratory judgment is brought "pursuant to MCR 2.605." MCR 2.605 provides:

(A) Power to Enter Declaratory Judgment.

(1) in a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

    *   *   *

(C) Other Adequate Remedy. The existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case.

The Legislature enacted the Uniform Declaratory Judgment Act by 1929 PA 36 (MCL 691.501 *et seq.*), which was repealed by the Revised Judicature Act, 1961 PA 236, MCL 600.6301 *et seq.*, and the subject matter was transferred to GCR 1963, 521, now MCR 2.605.

[3] MCL 24.201 *et seq.* Section 64, MCL 24.264 provides:

Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule may be determined in an action for declaratory judgment when the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff. . . . This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted.

I

Plaintiff, city of Lake Angelus, adopted an ordinance over thirty years ago barring the landing, docking, or takeoff of seaplanes.

A resident of the city, apparently a littoral property owner on Lake Angelus, Robert Gustafson, challenged the ordinance barring seaplanes by filing an action in the United States District Court alleging that federal and state law preempted the ordinance. In February 1996, the United States Court of Appeals for the Sixth Circuit held that the ordinance adopted by the city was not preempted by federal law, and that Gustafson's Fourteenth Amendment rights were not abridged by the exercise of the powers of local government in this case. *Gustafson v Lake Angelus*, 76 F3d 778 (CA 6, 1996).

In June, 1997, the Seaplane Pilots Association, a national interest organization, wrote to the Aeronautics Commission requesting that it act to clarify that all bodies of water of appropriate size, including specifically Lake Angelus, should be open to waterborne aircraft operations, irrespective of local municipal ordinances.

The Aeronautics Commission, in lieu of granting the request, promulgated 1999 AC R 259.401, which does not purport to override the ordinance adopted by the city. The rule provides, however, the details of a multistage administrative process by which a local ordinance, such as the one adopted by the city, could be overridden.[4]

---

[4] The rule provides that an ordinance adopted after the effective date of the rule does not become effective until after approval by the Aeronautic Commission pursuant to the multistage administrative process.

The city alleges that it was not advised of the Seaplane Pilots Association request or the review of that request by the Aeronautics Commission, and first learned of the promulgation of R 259.401 after it became effective.

Defendant, Michigan Department of Transportation, in publicly announcing the adoption of R 259.401, stated that local ordinances adopted before the adoption of the rule remained in effect, unless successfully challenged in accordance with the new rule, and that MDOT is aware that such ordinances barring seaplanes had been adopted affecting Teal Lake in Marquette County and Lake Angelus.

The city alleges that after adoption of the administrative rule, Robert Gustafson communicated with the mayor of the city asking that the operation of seaplanes be permitted on Lake Angelus, and threatened to invoke the administrative rule by requesting that the Aeronautics Commission override the ordinance adopted by the city if the city did not revoke the ordinance.[5] The City Council of Lake Angelus determined not to revoke the seaplane ordinance.

The Attorney General argues that because Robert Gustafson has not actually so requested, and the Aeronautics Commission has not begun an actual multistage administrative process that might lead to overriding the ordinance, there is not an actual controversy.

The city asserts that the threat by Robert Gustafson to apply to the Aeronautic Commission to override

---

[5] The city alleges that when the rule was adopted, Alice Gustafson, Robert Gustafson's wife, was a member of the Aeronautics Commission, and supported the request of Seaplane Pilots Association.

the ordinance will be carried out unless there is a judicial determination that the administrative rule is invalid, and contends that there is an actual controversy.

There are two communities, Lake Angelus and one other, that have ordinances barring seaplanes. The administrative rule was adopted in response to a request from a resident of the city, after he had put the city through a lawsuit, going all the way to the United States Supreme Court, which denied certiorari.

Hanging over the city is the prospect of being required to respond in administrative proceedings designed to override the ordinance, pursuant to an administrative rule adopted specifically to provide a means of overriding the ordinance respecting Lake Angelus. To be sure, the commission may not drop the sword. But the commission adopted the administrative rule, the Attorney General claims that it is valid, and, perforce, at any time, the city may be called upon to respond in an administrative context at considerable cost and expense, and in circumstances that are not predictable. The city has already paid a heavy price for enacting and defending this ordinance.

We agree with the city that there is substantial support for its contention that the adoption of the administrative rule following *Gustafson*, coupled with Robert Gustafson's perseverance, portends expensive, lengthy, and burdensome multistage administrative and legal proceedings, and that there is an actual controversy, and that it is in the public interest to declare the rights of the parties on the question whether the commission has the authority to override the ordi-

nance.[6] The circuit court did not abuse its discretion in deciding that there is an actual controversy.[7]

## II

The statute, as amended,[8] provides that the Aeronautics Commission "shall exercise exclusive authority to approve the location and operation of airports, landing fields, and other aeronautical facilities."

We agree with the city that the commission's authority to "approve" the location of airports and landing fields does not empower it to, in effect, authorize the landing and takeoff of seaplanes on a body of water in violation of a city ordinance. The

---

[6] *Citizens for Common Sense in Government v Attorney General*, 243 Mich App 43; 620 NW2d 546 (2000), cited by the Attorney General, concerned the construction of an administrative rule, not, as here, its validity.

[7] The language of MCR 2.605 is permissive rather than mandatory, stating that the courts *may* declare the rights . . . of an interested party seeking a declaratory judgment. It therefore rests with the sound discretion of the court whether to grant declaratory relief.

It is always the duty of the court to strike a proper balance between the needs of the plaintiff and the consequences of giving declaratory relief. In opinions arising under the former declaratory judgment statute, one encounters expressions that discretion should be exercised with great care, extreme caution, and only where there are special circumstances demanding it. [See, e.g., *Rott v Standard Accident Ins. Co.*, 299 Mich 384; 300 NW 134 (1941).] This attitude must be regarding as superseded by the declaration that the modern rule was intended to "provide for broadest type of declaratory judgment procedure." [*Shavers v Kelley*, 402 Mich 554; 267 NW 2d 72 (1978).] [Longhofer, Courtroom Handbook on Michigan Civil Procedure (2003), § 2605.6, p 1020.]

[8] MCL 259.51. The statute was amended after the circuit court granted summary disposition, and after briefing in this Court. The pertinent change was the addition of the word "location." Supplemental briefs were filed in this Court.

power to "approve" (confirm, ratify, consent)[9] is not the power to create, order, mandate or require.[10]

The city, in effect, zoned Lake Angelus, located entirely within the city, as a nonflying field (body of water). The Aeronautics Commission's authority to *approve* the location of flying fields, including on a body of water, does not empower it to require a city to locate a flying field on a body of water located entirely within the city that the city determines is not an appropriate landing field for seaplanes.

Our disposition makes it unnecessary for us to consider the city's arguments that the administrative rule, if not invalid as in excess of the authority granted by the enabling act, is violative of the Home Rule City Act, MCL 117.1 *et seq.*, and the City and Village Zoning Act, MCL 125.581 *et seq.*, and of still other statutes, and decisions of the Supreme Court in *Square Lake Hills Condo Ass'n v Bloomfield Twp*, 437 Mich 310; 471 NW2d 321 (1991), and *Hess v West Bloomfield Twp*, 439 Mich 550; 486 NW2d 628 (1992).

Affirmed.

---

[9] "Approve" is defined as "[t]o confirm or sanction formally; ratify," *The Random House College Dictionary* (rev ed); "[t]o give formal sanction to; to confirm authoritatively" Black's Law Dictionary (7th ed); and "[t]o confirm, ratify, sanction, or consent to, some act or thing done by another. Board of Education v Reno Community High School, 124 Kan 175, 257 p 957," Ballentine's Law Dictionary (3d ed).

[10] The statute might properly be read as authorizing the commission to say whether a proposal to build an airport at a particular location is approved or not approved. Or to say that a landing field for seaplanes must be a body of water of a minimum size, or to particularize the site on a large body of water where seaplanes may be permitted to land.